IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSIE LEE MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-358-RAH |
| | ) |
| UNITED STATES DISTRICT | ) |
| COURT CLERK, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On June 10, 2025, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed without prejudice as frivolous and for lack of subject matter jurisdiction. (*See* Doc. 11.) The Magistrate Judge also recommended that Plaintiff's Motion to Transfer be denied. (*Id.*) On June 12, 2025, the Magistrate Judge separately recommended that Plaintiff's motions for entry of a preliminary injunction[1] (*see* docs. 12 & 13) be denied because she has not demonstrated a likelihood of success on her Complaint. (*See* doc. 15.)

Plaintiff has filed objections (*see* docs. 20 & 24), as well as a host of motions including a motion to consolidate and a motion to amend her complaint.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition;

---

[1] In her preliminary injunction requests, Murphy sought an injunction against the defendants (over 50 parties) in other litigation that she has initiated in the Middle District of Alabama within the past 12 months, *see* Case Numbers 2:24-cv-456, 2:25-cv-361, 2:25-cv-395, 25-cv-396, and 2:25-cv-418, all of whom she accuses of engaging in on-going criminal violent activities against her and whom she believes are trying to harm, and possibly kill, her.

receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant de novo review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

In Plaintiff's objections, she largely doubles down on her complaint allegations that accuse the defendants – clerk's office employees – of stealing documents and evidence and removing names from another federal case, *see* Case Number 2:24-cv-456, that she filed in the Middle District of Alabama against individuals employed with the United States Marshal's Office.  She also again complains of the lack of assistance that she has received from the pro se assistance program. And as to jurisdiction, Plaintiff notes that the defendants are federal employees, and therefore claims the Court has subject matter jurisdiction of Plaintiff's claims against them. In her motion to file an amended complaint, which the Court will also construe as an objection, Plaintiff recites these same issues but also references the First, Fourth and Fourteenth Amendments.

Plaintiff's objections do not cure the deficiencies found by the Magistrate Judge. And to the extent Plaintiff's motion to amend asks for leave to file an amended complaint, the proposed pleading will not cure the deficiencies either and therefore allowing that pleading would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). From all that appears, this case is a collateral attack to the unfavorable outcome in *Murphy v. Gordon*, Case No. 2:24-cv-456-RDP-JHE, Middle District of Alabama, which was recently dismissed by the

presiding judge. As such, the Court agrees with the Magistrate Judge that Plaintiff's allegations are frivolous, do not state a claim, and should be dismissed.

That said, the Court agrees with Plaintiff in part that the Court has jurisdiction to the extent that Plaintiff must pursue her claims against federal employees arising out of the scope of their employment in federal court (i.e., not state court). But Plaintiff still must plead a vehicle for that liability, and because she has not, she has not sufficiently alleged subject matter jurisdiction. But while the Defendants' federal judicial employee status invokes the jurisdiction of the federal courts, their status also entitles them to judicial immunity. *See Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994); *Jenkins v. Clerk of Court, U.S. Dist. Court, Southern Dist. Of Florida*, 150 F. App'x 988 (11th Cir. 2005). With such immunity, the claims against them are due to be dismissed.

Accordingly, upon an independent and de novo review of the record, it is **ORDERED** as follows:

1. Plaintiff's Objections (docs. 20 & 24) to the Recommendation of the Magistrate Judge are **OVERRULED**;

2. The June 10, 2025, Recommendation (doc. 11) of the Magistrate Judge that this action be dismissed without prejudice is **ADOPTED**;

3. The June 12, 2025, Recommendation (doc. 15) of the Magistrate Judge that Plaintiff's Motions for Preliminary Injunction be denied is **ADOPTED**;

4. Plaintiff's Motions for Preliminary Injunction (docs. 12 & 13) filed on June 10, 2025, and June 11, 2025, respectively, are **DENIED**;

5. Plaintiff's Motion to Consolidate Cases (doc. 18) is **DENIED**;

6. Plaintiff's Motion to File Amended Complaint (doc. 27) is **DENIED** without prejudice; and

7. This lawsuit is **DISMISSED without prejudice**.

A separate Final Judgment will issue.

DONE, on this the 15th day of July 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE